FILED by SW D.C.
ELECTRONIC
May 14 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-60095-CIV-COHN/SNOW

JOSEPH THORNE,

    Plaintiff,

vs.

ALL RESTORATION SERVICES, INC.
and SHERIF KODSY,

    Defendants.
_____/

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

    Defendants, ALL RESTORATION SERVICES, INC. (hereinafter "ARS") and SHERIF KODSY (hereinafter "Kodsy"), by and through their undersigned counsel and pursuant to Rule 7, Fed. R. Civ. P., and Local Rule 7.1, hereby serve their Motion to Dismiss for Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law, and in support thereof allege the following:

### MOTION TO DISMISS

    1.    The Complaint (DE1) in this action was served on Defendants on February 19, 2004. The Complaint contains allegations that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., by failing to pay certain overtime compensation to Plaintiff. Plaintiff purports to bring this action, "on behalf of himself and other employees and former employees of Defendants similarly situated to him for overtime compensation and other relief . . . ." (Complaint para. 1).

    2.    Defendants' Answer and Affirmative Defenses (DE6) was served on March 30, 2003. In their first affirmative defense, Defendants have invoked a good faith defense as alleged more fully therein.

*Thorne v. All Restoration Services, et al.*                              CASE NO.: 04-60095-CIV-COHN/SNOW

In their second affirmative defense, Defendants allege that they are entitled to a setoff of certain monies owed by Plaintiff to Defendants. Finally, in their third affirmative defense, Defendants allege that certain of the claims which may be raised by Plaintiff, either directly or on behalf of others similarly situated, are barred by the statute of limitations set forth in 29 U.S.C. § 255.

3.  Subsequent to service of the Complaint and the Answer and Affirmative Defenses, on April 29, 2004, Plaintiff executed before a witness and Notary a General Release in favor of Defendants. A true and correct copy of Plaintiff's General Release is attached hereto as Exhibit "A," and in incorporated herein by this reference. Defendants have the original General Release in their possession, and stand ready to submit the same to the Court along with an appropriate affidavit should the Court deem such action necessary to its determination of the instant Motion to Dismiss.

4.  In the attached General Release, Plaintiff releases Defendants from all claims which Plaintiff has or may have against Defendants, including, specifically, "all claims raised or which could have been raised in that certain litigation encaptioned *JOSEPH THORNE, Plaintiff, vs. ALL RESTORATION SERVICES, INC. and SHERIF KODSY*, pending in the United States District Court for the Southern District of Florida, Case Number 04-60095-CIV-COHN/SNOW."

5.  By virtue of Plaintiff's General Release of all claims against Defendants in this litigation and otherwise, Plaintiff's action is now moot. As such, it is respectfully submitted that the Court no longer has subject matter jurisdiction over this action, insofar as there is no longer a cognizable case or controversy before the Court. This action should, therefore, be dismissed with prejudice.

## **MEMORANDUM OF LAW**

2

*Thorne v. All Restoration Services, et al.* CASE NO.: 04-60095-CIV-COHN/SNOW

6. The principal case dealing with mootness of, and corresponding lack of subject matter jurisdiction over, a FLSA action is *Cameron-Grant v. Maxin Healthcare Services, Inc.*, 347 F.3d 1240 (11th Cir. 2003). Therein, the Eleventh Circuit considered a FLSA claim of four plaintiffs for, *inter alia*, overtime compensation, including their claims seeking purported "class certification" pursuant to Rule 23, Fed. R. Civ. P. During the course of the proceedings, three of the plaintiffs dismissed their claims, and the fourth plaintiff settled his claims with the defendant. Also during the course of the proceedings, the district court denied the remaining plaintiff's pending motion to proceed as a "collective action" pursuant to 29 U.S.C. § 216(b). On appeal, the Eleventh Circuit considered the defendant's claim that the action was moot, thereby depriving the Eleventh Circuit of jurisdiction over the appeal.

7. At the outset, the Eleventh Circuit clearly stated that, "The general rule is that settlement of a plaintiff's claims moots an action." *Id.* at 1244. The issue on appeal, in light of mootness of the fourth plaintiff's claims, was, "whether the mootness principles in the Rule 23 class action context apply to collective actions brought under § 216(b) of the FLSA."[1] *Id.* at 1245. The court ruled that Rule 23 mootness principles do not apply to a collective action, and dismissed the appeal as moot. *Id.* at 1249.

8. In this case, the General Release executed and delivered by Plaintiff to Defendants is no different than the settlement of plaintiff's claims which occurred in *Cameron-Grant* which resulted in mootness. In the same manner, as a direct result of mootness of Plaintiff's claims, the Court lacks subject

---

[1] More to the point, the issue was whether, notwithstanding mootness of the fourth plaintiff's claims, the defendant's actions were "capable of repetition yet evading review" such that the action should be resolved on its merits. *E.g.*, *Sosna v. Iowa*, 419 U.S. 393, 95 S. Ct. 553, 557, 42 L. Ed.2d 532 (1975); *Locke v. Board of Public Instruction*, 499 F.2d 359, 364 (5th Cir. 1974).

*Thorne v. All Restoration Services, et al.*                    CASE NO.: 04-60095-CIV-COHN/SNOW

matter jurisdiction over this action, because there is no case or controversy to be resolved by the Court within the meaning of Article III of the United States Constitution. Dismissal with prejudice of this action is thus appropriate and warranted. *Cameron-Grant* 347 F.3d at 1250.

WHEREFORE, based on the foregoing, Defendants respectfully request that the Court enter an Order dismissing Plaintiff's action for lack of subject matter jurisdiction.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile (561.447.8888) and United States mail this 14th day of May, 2004, on: Gregg I Shavitz, Esq., Shavitz Law Group, Inc., 2000 Glades Road, Suite 200, Boca Raton, Florida 33431.

> Respectfully submitted,
>
> LAW OFFICE OF HOLIDAY HUNT RUSSELL
> 2040 Polk Street
> Hollywood, Florida 33020
> Telephone: 954.920.5153
> Facsimile: 954.923.9805
>
> By:     s/Holiday Russell
>         Holiday Hunt Russell, Esq.
>         Fla. Bar No.: 955914

## GENERAL RELEASE

### TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN

GREETINGS: KNOW YE, That JOSEPH THORNE, for and in consideration of the sum of $600.00, lawful money of the United States of America to him in hand paid by ALL RESTORATION SERVICES, INC. and SHERIF KODSY, each with offices at 4849 N.E. 11th Avenue, Oakland Park, Florida 33334, has remised, released, and forever discharged and by these presents does for himself, his receivers, successors, heirs, administrators and assigns, does remise, release and forever discharge, the said ALL RESTORATION SERVICES, INC. and SHERIF KODSY of and from all and any manner of action and actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law, in admiralty, or in equity, which against the said ALL RESTORATOIN SERVICES, INC. and/or SHERIF KODSY, he ever had, now has or which his receivers, assigns, successors, or administrators, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of these presents, including, but not limited to, all claims raised or which could have been raised in that certain litigation encaptioned JOSEPH THORNE, Plaintiff, vs. ALL RESTORATION SERVICES, INC. and SHERIF KODSY, pending in the United States District Court for the Southern District of Florida, Case Number 04-60095-CIV-COHN/SNOW.

This release may not be changed orally.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the 29TH day of APRIL in the year 2004.

SEALED AND DELIVERED IN THE PRESENCE OF:

_____    _____    X _____
Witness                       Date              JOSEPH THORNE

STATE OF FLORIDA   )
                   ) SS.
COUNTY OF BROWARD  )

Sworn to and subscribed before me on the 29TH day of APRIL, 2004 by JOSEPH THORNE who produced the following as identification: FL DL T650.483.70.259.0

ANDREW DILLION
Notary Public - State of Florida
My Comm. Expires Mar 4, 2008
Commission # DD 296822
Bonded By National Notary Assn.

Seal

NOTARY PUBLIC, STATE OF FLORIDA
_____